# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
|  | FILED: FEBRUARY 12, 2009 |
|  | 09CV901 |
| ANTHONY MANISCALCO, | JUDGE GETTLEMAN |
|  | MAGISTRATE JUDGE MASON |
|  | CH |
| Plaintiff, | Case No. |
| -vs- |  |
| GURNEE POLICE OFFICERS ROBERT JONES, JAY SIMON, JEFFREY HAUPTMAN, THE VILLAGE OF GURNEE and McDONALD'S CORPORATION, | Jury Demanded |
| Defendants. |  |

## **COMPLAINT**

NOW COMES Plaintiff, ANTHONY MANISCALCO, and complaining of Defendants GURNEE POLICE OFFICERS ROBERT JONES, JAY SIMON, JEFFREY HAUPTMAN, THE VILLAGE OF GURNEE and McDONALD'S CORPORATION, states as follows:

## Nature of The Action

1.  Plaintiff ANTHONY MANISCALCO brings this claim to redress the deprivation of his Constitutional Rights by persons acting under color of state law. Specifically, Plaintiff claims that members of the Gurnee Police Department with the knowledge and/or encouragement of the Village of Gurnee officials conspired between themselves and employees of McDonald's Corporation to deprive Plaintiff of his rights under the First and Fourth Amendments to the United States Constitution.

## Jurisdiction and Venue

2.  This action is brought pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional civil rights. Additionally, jurisdiction is appropriate under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

3.  The claims asserted herein arose in the area encompassed by the United States District Court for the Northern District of Illinois (i.e., Gurnee, Illinois) and venue is therefore proper under 28 U.S.C. § 1391(b).

## Plaintiff

4.  Plaintiff ANTHONY MANISCALCO is an individual residing in Gurnee, Illinois, where he has been residing for at least ten (10) years.

**Defendants**

5. Defendant ROBERT JONES is a Gurnee, Illinois (hereafter "Gurnee") Police Officer. He is the Chief of Police of Gurnee. At all times relevant hereto, Defendant Jones was acting under color of state law.

6. Defendant JAY SIMON is a Gurnee Police Officer. At all times relevant hereto, Defendant Simon was acting under color of state law.

7. Defendant JEFFREY HAUPTMAN is a Gurnee Police Officer. At all times relevant hereto, Defendant Hauptman was acting under color of state law.

8. McDONALD'S CORPORATION (hereafter "McDonald's") is an Illinois Corporation with principal offices in Oak Brook, Illinois. McDonald's Corporation is the world's largest operator of "fast food" restaurants. At least one of those restaurants is located in Gurnee, Illinois near Grand and Gurnee Circle.

**Facts**

9. Plaintiff ANTHONY MANISCALCO has been involved in Gurnee politics for some time. In 2005, ANTHONY MANISCALCO supported the present Mayor, Kristina Kovarik, in her successful run for her office. During that same election, Plaintiff ran for Village Trustee and narrowly lost. (Plaintiff is running for Mayor this year).

10. In the 2007 election, Plaintiff supported the former Mayor, Richard Welton, in his bid for Village Trustee.

11. When Mayor Kovarik discovered that Plaintiff was supporting Richard Welton, she became enraged, and vowed to punish Plaintiff.

12. Plaintiff was visited at his restaurant Tony's Paisan's (now closed) by Robert Jones in early March of 2007. Robert Jones is the Chief of Police of Gurnee, Illinois.

13. Robert Jones informed Plaintiff that the Mayor was very upset by Plaintiff's support for Welton, and "it would be best for Plaintiff if he got Welton to withdraw his candidacy or at least for Plaintiff to withdraw his support for Welton's candidacy". Plaintiff refused to withdraw his support for Welton.

14. The next day, Robert Jones again came into Plaintiff's restaurant to try to convince him to withdraw his support for Welton. Plaintiff again refused to do so.

15. As Robert Jones was leaving the restaurant, he warned Plaintiff that "Okay, but I can no longer protect you".

16. Approximately a month later, on the evening of March 25, 2007, Plaintiff was hosting a party for an Illinois State Senator at his restaurant in Gurnee, Illinois.

17. The party did not end until sometime after 12:30 a.m., at which time Plaintiff closed his restaurant. He then went to the restaurant across the street, Steven's, where he had a drink with the owner.

18. Soon thereafter, Plaintiff left Steven's and, as he has done three or four nights a week for several years, went to the drive-thru at McDonald's in Gurnee to order a cheeseburger and a Coke.

19. Plaintiff ordered, proceeded to the first window, paid, and drove several feet to the next window to await his food.

20. Unaccountably to Plaintiff at the time, the McDonald's employee opened the window, started to offer the food and then quickly withdrew it.

21. Plaintiff became upset and demanded his food.

22. When, after repeated demands by Plaintiff, the McDonald's employee refused to give Plaintiff his food, he drove away and went to the Steak and Shake nearby, where he successfully ordered a cheeseburger and a Coke.

23. What Plaintiff had not known was that, just moments before his arrival at McDonald's, a Gurnee Police Officer appeared at the second drive-thru window and had given the McDonald's employee in the window a piece of paper with the license plate number of the car Plaintiff was driving that night (the car was registered not to Plaintiff, but to his then girlfriend (now wife), Shelly Goodwin).

24. The employee who received the piece of paper from the Gurnee Police (Fidel Castro, see affidavit attached as Exhibit A) was told by the Police to give the paper with the license plate number to Fernando Guzman, another of the McDonald's employees on duty that night, who was standing immediately behind Castro at the time.

25. As Plaintiff entered the drive-thru during his trip to McDonald's, it was Guzman who Plaintiff paid at the first window, and it was Guzman who ordered Fidel Castro not to give Plaintiff his food as he was about to hand it to Plaintiff.

26. As soon as Plaintiff left the McDonald's drive-thru, Guzman made a "911" call to the Police, gave the Police the license plate number of the car Plaintiff was driving, and falsely claimed that Plaintiff had "battered" him by grabbing his wrist when he was paying for the food.

27. Having thus been falsely accused, Plaintiff was then stopped by the Gurnee Police on his way home from Steak and Shake, on the basis of the call from Guzman.

28. Plaintiff was arrested approximately twenty minutes after leaving McDonald's and about five minutes after leaving Steak and Shake.

29. At the Police station, Defendant Jay Simon administered a "sobriety test" to Plaintiff, and then falsely reported that he failed.

30. Defendant Hauptman then prepared a charge against Plaintiff for Driving Under the Influence ("DUI").

31. Ultimately, as a result of the incident at McDonald's, Plaintiff was charged with battery, disorderly conduct and DUI.

32. In May of 2008, the Village of Gurnee dropped the disorderly conduct charge.

33. On December 18, 2008, Plaintiff was acquitted by a jury of all charges related to the McDonald's incident.

## Causes of Action

### I.

### Conspiracy To Violate Plaintiff's Fourth Amendment Rights

1-33. Plaintiff realleges paragraphs 1 to 33 above as and for paragraphs 1 to 33 of Count I and states further that:

34. The actions of the Police and McDonald's employees described above violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free of unreasonable search and seizure.

35. Specifically, it appears that the Gurnee Police entered into a conspiracy with at least one McDonald's employee, to fabricate a claim upon which Plaintiff could be arrested.

36. In furtherance of that conspiracy, the Gurnee Police gave a McDonald's employee the license plate number of the car Plaintiff was driving that night, and the employee agreed to call "911" with a bogus "battery" claim, knowing that Plaintiff, who owned a restaurant, would likely have imbibed some liquor, so that a DUI charge could probably be (falsely) added.

37. The actions taken by Defendants, as described above, were perpetrated intentionally and maliciously.

38. The actions described above were perpetrated also by Village of Gurnee officials with final policy-making authority such as Defendant Jones who warned Plaintiff that he "could no longer be protected" from the Mayor's wrath.

WHEREFORE, Plaintiff, ANTHONY MANISCALCO, prays that this Court:

1) Enter judgment in his favor and against Defendants McDonald's Corporation, Robert Jones, Jay Simon, Jeffrey Hauptman and the Village of Gurnee for compensatory damages to be determined at trial but not less than $100,000.00;

8

2) Enter judgment in his favor and against Defendants McDonald's Corporation, Robert Jones, Jay Simon and Jeffrey Hauptman for punitive damages of at least $200,000.00; and

3) Enter such other and further relief this Court deems appropriate under the circumstances.

## II.

### Retaliation For Plaintiff's Exercise Of First Amendment Rights

1-32.  Plaintiff realleges paragraphs 1 to 32 above as and for paragraphs 1 to 33 of Count II and states further that:

33.  Agents of the Village of Gurnee entered upon a course of conduct designed to punish Plaintiff for the exercise of his First Amendment rights (i.e., his avowed support for a particular political candidate).

34.  Specifically, Defendant ROBERT JONES warned Plaintiff that his support for Richard Welton's candidacy would be sanctioned because of the Mayor's displeasure.

35.  Approximately one month later, Plaintiff was subjected to arrest and prosecution on a trumped-up charge effected by Gurnee Policemen as described above.

WHEREFORE, Plaintiff, ANTHONY MANISCALCO, prays that this Court:

1) Enter judgment in his favor and against Defendants Robert Jones, Jay Simon, Jeffrey Hauptman and the Village of Gurnee for compensatory damages to be determined at trial but not less than $100,000.00;

2) Enter judgment in his favor and against Defendants Robert Jones, Jay Simon and Jeffrey Hauptman for punitive damages of at least $200,000.00; and

3) Enter such other and further relief this Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/Agnes Grossman*____
Agnes Grossman

Agnes Grossman
**Law Offices of Richard D. Grossman**
225 West Wacker Drive
20th Floor
Chicago, IL  60606
(312) 750-9308